UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(4) (PJS/FLN) |
| | Case No. 17-CV-1898 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY PIERRE DOSS, | |
| Defendant. | |

Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Anthony Pierre Doss, pro se.

This matter is before the Court on defendant Anthony Pierre Doss's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 541. Doss argues that his counsel was ineffective in advising him to plead guilty to conspiring to possess a firearm in connection with a drug conspiracy that was neither a "controlled substance offense" nor a "drug trafficking crime." *See* ECF No. 553 at 2-3. Doss also argues that his prior conviction for first-degree aggravated robbery is not a "crime of violence" for purposes of the United States Sentencing Guidelines in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* ECF No. 553 at 4-8. The Court disagrees on both counts and therefore denies Doss's § 2255 motion.

I.  BACKGROUND

Doss pleaded guilty to violating 18 U.S.C. § 924(o) by conspiring to possess a firearm in furtherance of a drug-trafficking crime.  ECF No. 343 ¶ 1.  The underlying drug-trafficking crime that was identified in the indictment and the plea agreement was conspiring to distribute cocaine base and heroin in violation of 21 U.S.C. § 846.  *See* ECF No. 41 at 3-6; ECF No. 343 ¶ 2.

At Doss's sentencing, Doss did not dispute that his prior conviction for first-degree aggravated robbery was a "crime of violence" for Guidelines purposes, and he agreed that his base offense level was therefore 22 under § 2K2.1(a)(3) of the Guidelines.  *See* ECF No. 343 ¶ 5(a); ECF No. 433 at 5.  The Court concluded that Doss's total offense level was 30, that his criminal-history category was IV, and that his recommended sentence was 135 to 168 months.  *See* ECF No. 463 at 1; ECF No. 549 at 15.  The Court then varied downward and sentenced Doss to 105 months in prison.  ECF No. 462 at 2.  Doss did not appeal.

II. ANALYSIS

Doss's § 2255 motion cites two[1] reasons why his sentence should be vacated. The Court will address each claim in turn.

*A. Drug-Trafficking Crime*

Doss first argues that his counsel was ineffective because his counsel advised him to plead guilty to conspiring to possess a firearm in connection with a conspiracy that was neither a "drug trafficking crime" nor a "controlled substance offense." Doss is mistaken.

To start with, a violation of 18 U.S.C. § 924(o) does not require the defendant to conspire to possess a firearm in connection with a "controlled substance offense." Rather, § 924(o) makes it unlawful for a person to conspire to commit an offense under 18 U.S.C. § 924(c). Section 924(c), in turn, makes it unlawful for a person to possess a firearm in furtherance of "any crime of violence or drug trafficking crime." The statute does not use the term "controlled substance offense."

The statute explicitly defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Doss was

---

[1]Technically, Doss's § 2255 motion identifies three grounds for relief. *See* ECF No. 541 at 4-5, 7. But "Ground Two" in Doss's § 2255 motion is not a separate claim for relief. *See id.* at 5; ECF No. 546 at 5 n.1 (noting that Ground 2 is not a separate "basis upon which to vacate the sentence but rather a statement . . . arguing that . . . *Mathis* . . . is retroactive"). This leaves two claims for relief. *See* ECF No. 553 at 2 (referring to "two grounds for relief").

charged with—and admitted to—possessing a firearm in furtherance of a conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846. Section 846 is part of the Controlled Substances Act. *See United States v. Bell*, 90 F.3d 318, 321 (8th Cir. 1996) (referring to the Controlled Substances Act as sections 801 to 971 of title 21 of the United States Code). Therefore, a conspiracy to distribute cocaine base and heroin in violation of § 846 is a "felony punishable under the Controlled Substances Act." *See United States v. Rolon-Ramos*, 502 F.3d 750, 757 (8th Cir. 2007).

Doss argues, however, that he "cannot be convicted under Sec.924(o) based on a non-overt act drug 'conspiracy' under 21 USC 846." ECF No. 553 at 3. But the case on which he primarily relies[2]—*United States v. Martinez-Cruz*, 836 F.3d 1305 (10th Cir. 2016)—does not support his argument. The defendant in *Martinez-Cruz* was subject to an enhancement under the 2014 version of § 2L1.2(b)(1)(B) of the Guidelines if he had a prior conviction for "a felony drug trafficking offense." Application Note 5 to § 2L1.2 provided that a conviction for "conspiring" to commit a felony drug trafficking offense counted as a "felony drug trafficking offense." The question was whether the defendant's prior conviction for conspiracy to distribute controlled substances in

---

[2] Doss also relies on *United States v. Shumilo*, No. CR 09-939-GW-51, 2016 WL 6302524 (C.D. Cal. Oct. 24, 2016), which held that "a RICO conspiracy is not a crime of violence under the force clause." *Id.* at *5-7. *Shumilo* is obviously irrelevant to this case.

violation of 21 U.S.C. § 846 was a conviction for "conspiring" to commit a felony drug trafficking offense.

Because the Guidelines used but did not define the term "conspiring," the Tenth Circuit held that the "generic definition"of the term should control. *Martinez-Cruz*, 836 F.3d at 1308-09. The generic definition of the term "conspiring" requires an overt act. *Id.* at 1310-13. But the defendant had been convicted of conspiring to distribute controlled substances in violation of 21 U.S.C. § 846, which does not require proof of an overt act. Thus, the Tenth Circuit held, the defendant's prior conviction was not for "conspiring" to commit a felony drug trafficking offense as that term was used in § 2L1.2(b)(1)(B). *Id.* at 1313-14.

Unlike the Tenth Circuit in *Martinez-Cruz*, this Court need not define "conspiracy" or "conspiring" for the simple reason that neither word appears in 18 U.S.C. § 924(c)(1)(A) or 18 U.S.C. § 924(c)(2). Instead, § 924(c)(1)(A) makes it unlawful for a person to possess a firearm in furtherance of "any . . . drug trafficking crime." Section 924(c)(2) explicitly defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act." Because § 924(c)(2) defines "drug trafficking crime" differently than that term was defined in former § 2L1.2(b)(1)(B)—and, in particular, because § 924(c)(2), unlike former Application

Note 5 to § 2L1.2, does not use the term "conspiracy" or "conspiring"—*Martinez-Cruz* does not help Doss.

The bottom line is that 18 U.S.C. § 924(o) makes it unlawful for a person to conspire to commit an offense under 18 U.S.C. § 924(c). Section 924(c)(1)(A) makes it unlawful for a person to possess a firearm in furtherance of "any . . . drug trafficking crime." Section 924(c)(2) defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act." And a person who conspires to distribute controlled substances in violation of 21 U.S.C. § 846 unquestionably commits a "felony punishable under the Controlled Substances Act."

For these reasons, Doss's counsel was not ineffective in advising Doss to plead guilty to violating 18 U.S.C. § 924(o).

### B. *Crime of Violence*

Doss next argues that his sentence should be vacated because his prior conviction for first-degree aggravated robbery is no longer a "crime of violence" for purposes of § 2K2.1(a)(3) of the Guidelines in light of the Supreme Court's decision in *Mathis*. Doss is incorrect. Minnesota's crime of first-degree aggravated robbery was a crime of violence before *Mathis*. *See United States v. Rucker*, 545 F. App'x 567, 573 (8th Cir. 2013) ("Rucker's aggravated robbery conviction meets the definition of a 'violent felony' under the ACCA because it has as an element 'threatened use of physical force' against

another . . . .").³ And it remains a crime of violence after *Mathis*. *See United States v. Jennings*, 860 F.3d 450, 453-57 (7th Cir. 2017); *United States v. Willis*, No. 11-CR-0013 (DSD/JJK), 2017 WL 1288362, at *3 & n.3 (D. Minn. Apr. 6, 2017); *United States v. Pankey*, No. 07-CR-0214 (DWF/RLE), 2017 WL 1034581, at *3 (D. Minn. Mar. 16, 2017); *United States v. Taylor*, No. 15-CR-0091 (JNE/LIB), 2017 WL 506253, at *3-7 (D. Minn. Feb. 7, 2017).⁴

The Court notes that, even if Doss's substantive argument were correct (which it is not), a Guidelines error, standing alone, is rarely grounds for relief under § 2255. Section 2255 allows a defendant to challenge a sentence that "was imposed in violation of the Constitution or laws of the United States, or that . . . was in excess of the

---

³The force clause of the ACCA is substantively identical to the force clause of § 4B1.2, so the Eighth Circuit treats the two clauses "as interchangeable." *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).

⁴The defendants in *Jennings*, *Willis*, and *Taylor* had prior convictions for simple robbery (in violation of Minn. Stat. § 609.24) rather than first-degree aggravated robbery (in violation of Minn. Stat. § 609.245, subd. 1). But simple robbery under Minnesota law "is a lesser-included offense" of first-degree aggravated robbery; in other words, one cannot commit first-degree aggravated robbery without committing simple robbery. *United States v. Pankey*, No. 07-CR-0214 (DWF/RLE), 2017 WL 1034581, at *2 (D. Minn. Mar. 16, 2017); *see also* Minn. Stat. § 609.245, subd. 1 ("Whoever, *while committing a robbery*, is armed with a dangerous weapon . . . or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree . . . .") (emphasis added).

The Court acknowledges that it held that simple robbery was not a violent felony for purposes of the ACCA in *United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2016 WL 5107035, at *2-3 (D. Minn. Sept. 19, 2016). But the Court has since been persuaded by *Jennings* and *Taylor* that it erred in *Pettis*.

maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  But § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing."  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  Specifically, "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[] the statutory maximum for the offense of conviction."  *Id.* at 704-06 (citations omitted).  Doss's 105-month sentence fell well beneath the 20-year statutory maximum for his offense.  Therefore, any error in calculating Doss's Guidelines range is not a "miscarriage of justice," a violation of "rudimentary fairness," or otherwise cognizable under § 2255.  *Id.* at 706.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Anthony Pierre Doss's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 541] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 28, 2017              s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge