UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY PIERRE DOSS,

Defendant.

Case No. 15-CR-0106(4) (PJS/FLN)
Case No. 17-CV-1898 (PJS)

ORDER

Anthony Pierre Doss, pro se.

Defendant Anthony Doss pleaded guilty to violating 18 U.S.C. § 924(o).  ECF
Nos. 341, 343.  Section 924(o) makes it unlawful to conspire to violate 18 U.S.C. § 924(c).
Section 924(c)(1)(A), in turn, makes it unlawful possess a firearm in furtherance of "any
. . . drug trafficking crime."  And Section 924(c)(2) defines "drug trafficking crime" to
mean "any felony punishable under the Controlled Substances Act."  Thus, Doss
pleaded guilty to conspiring with others to possess firearms to further felonies that are
punishable under the Controlled Substances Act.  In his plea agreement and then at his
change-of-plea hearing, Doss admitted that he had been a member of a violent street
gang; that members of the gang conspired to distribute cocaine base and heroin; and
that he and other gang members conspired to possess firearms in furtherance of this
drug-distribution conspiracy.  ECF No. 343 at 1-2.

After Doss was sentenced to 105 months in prison, Doss brought a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 541. Doss claimed, among other things, that his lawyer provided ineffective assistance of counsel when he advised Doss to plead guilty to violating § 924(o) because the lawyer should have realized that Doss had not violated the statute. Specifically, Doss argued that "a non-overt act conspiracy under 21 USC 846 cannot support a conviction under 18 USC 924(o)," relying primarily on the (inapposite) decision of the Tenth Circuit in *United States v. Martinez-Cruz*, 836 F.3d 1305 (10th Cir. 2016). ECF No. 553 at 3. In other words, Doss argued that a conspiracy to distribute cocaine basis and heroin was "not a qualifying 'controlled substance offense,' under [18 U.S.C.] § 924(c)" and his conviction for violating § 924(o) could not "stand as it relies on a violation of § 924(c)." ECF No. 541 at 4-5.

The Court disagreed and denied Doss's § 2255 motion on the merits. *United States v. Doss*, No. 15-CR-0106(4) (PJS/FLN), 2017 WL 5891688 (D. Minn. Nov. 28, 2017). The Court explained:

> The statute explicitly defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Doss was charged with—and admitted to—possessing a firearm in furtherance of a conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846. Section 846 is part of the Controlled Substances Act. *See United States v. Bell*, 90 F.3d 318, 321 (8th Cir. 1996) (referring to the Controlled

-2-

> Substances Act as sections 801 to 971 of title 21 of the United
> States Code).  Therefore, a conspiracy to distribute cocaine
> base and heroin in violation of § 846 is a "felony punishable
> under the Controlled Substances Act."  *See United States v.
> Rolon-Ramos*, 502 F.3d 750, 757 (8th Cir. 2007).

*Doss*, 2017 WL 5891688, at *2.

This matter is before the Court on Doss's motion under Fed. Rule Civ. P. 59(e) to alter or amend the judgment denying his § 2255 motion.  ECF No. 561.  Doss claims that the Court misread his § 2255 motion and failed to "adequately address petitioner[']s claim for relief or his entitlement to the relief he requested."  *Id.* at 2.

Doss begins with the surprising assertion that neither he nor anyone else was charged in the second superseding indictment with violating § 924(o).  *Id.* at 3 ("[N]o individual within the indictment was charged with violating Section 924(o) . . . .").  Doss seems to believe that he was instead charged with violating § 924(c).  Doss claims that his attorney advised him to plead guilty under § 924(o)—rather than under § 924(c)—so as to avoid "a ten year mandatory minimum under section 924(c)."  *Id.* at 5.  But, Doss insists, he did not actually violate § 924(c):

> Petitioner's argument is that there was no basis for
> conviction or sentencing under 924(c), and although the
> indictment charged two specific instances of petitioner being
> convicted of possessing firearms, neither instance was for
> use or carrying the firearm during and in relation to any
> charged substantive 21 U.S.C. 841 distribution transaction,
> nor was petitioner charged with any substantive 841
> transaction in which either charged firearm was used or

> carried.  Consequently, there is and was no basis for
> conviction or sentence under section 924(c).

*Id.* at 4.  Doss concludes by arguing that his attorney acted ineffectively in persuading

him to plead guilty to a crime for which he was not charged (a violation of § 924(o)) in

order to avoid being convicted of a crime for which he was charged but of which he was

innocent (a violation of § 924(c)).  The only thing that Doss's attorney accomplished,

says Doss, is "negotiating a plea agreement to a statute that subjects petitioner to a

greater statutory maximum than that for which he was indicted."  *Id.*

The Court denies Doss's Rule 59(e) motion for two reasons:

*First,* Doss's Rule 59(e) motion attacks the Court's denial of his § 2255 motion on

the merits and seeks to add a new claim.  Therefore, Doss's Rule 59(e) motion must be

treated as a second or successive § 2255 motion.  *See Gonzalez v. Crosby*, 545 U.S. 524,

530-32 (2005); *Ward v. Norris*, 577 F.3d 925, 932-35 (8th Cir. 2009); *United States v. Moss*,

174 F. App'x 358, 358-59 (8th Cir. 2006); *cf. Rishor v. Ferguson*, 822 F.3d 482, 491 (9th Cir.

2016) (collecting cases from other circuits on whether *Gonzalez* applies to Rule 59(e)

motions as well as Rule 60(b) motions).  A defendant seeking to bring a second or

successive § 2255 motion is required to first obtain authorization from a court of

appeals.  *See* 28 U.S.C. § 2255(h).  There is no indication that Doss has obtained such

authorization.  The Court therefore lacks jurisdiction to consider Doss's motion.

*Second*, even if the Court had jurisdiction to consider Doss's motion, it would reject his argument. Doss's argument is grounded on a number of premises that are plainly incorrect:

- It is not true, as Doss argues, that neither he nor any other "individual within the indictment was charged with violating Section 924(o)." ECF No. 561 at 3. *All* of the defendants charged in the second superseding indictment—including Doss—were charged with violating § 924(o). Count 1 of the second superseding indictment, after making a number of factual allegations about the conduct of Doss and his co-conspirators, concludes with the words: "All in violation of Title 18, United States Code, Section 924(o)." ECF No. 41 at 5.

- It is also not true, as Doss repeatedly asserts, that he was charged with violating 18 U.S.C. § 924(c).[1] He was not. Instead, he was charged with

---

[1]This Court's order denying Doss's first § 2255 motion may have confused Doss on this point. In that order, the Court at one point said that "Doss was charged with—and admitted to—possessing a firearm in furtherance of a conspiracy to distribute cocaine base and heroin in violation of 21 U.S.C. § 846." *Doss*, 2017 WL 5891688 at *2. This is incorrect; Doss was charged with *conspiring* to possess a firearm in furtherance of a conspiracy to distribute cocaine base and heroin. The Court suspects, however, that it was the Court's poor choice of words that inspired Doss to file his Rule 59(e) motion and try out a new challenge to his conviction.

*conspiring* to violate § 924(c). A defendant can *conspire* to violate § 924(c) (and thereby violate § 924(o)) even if the defendant never *violates* § 924(c).

- It is also not true, as Doss alleges, that his attorney "negotiat[ed] a plea agreement to a statute that subjects petitioner to a greater statutory maximum than that for which he was indicted." ECF No. 561 at 4. Putting aside the fact that Does was never charged with violating § 924(c)—and thus Doss's attorney would have had no reason to advise him to plead guilty to the § 924(o) charge in order to avoid being convicted under § 924(c)— Doss has it backwards: The maximum sentence for violating § 924(c) is life, *see United States v. Gamboa*, 439 F.3d 796, 811-12 (8th Cir. 2006) (stating that "§ 924(c)'s unstated statutory maximum is life in prison"), while the maximum sentence for violating § 924(o) is 20 years.

In sum, the Court does not have jurisdiction to rule on the merits of Doss's motion under Rule 59(e), because that motion is in reality a second or successive motion under § 2255, and Doss did not receive authorization to file the motion from a court of appeals. Had Doss received such authorization, the Court would reject Doss's motion on the merits for the reasons explained.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Defendant's motion under Fed. R. Civ. P. 59(e) [ECF No. 561]—which the

       Court construes as a second or successive motion under 28 U.S.C.

       § 2255—is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2.     No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 25, 2018                     s/Patrick J. Schiltz
                                          Patrick J. Schiltz
                                          United States District Judge