UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(4) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| ANTHONY PIERRE DOSS, | |
| Defendant. | |

Anthony Doss, pro se.

Defendant Anthony Doss is serving a 105-month sentence after pleading guilty to conspiring to possess firearms in furtherance of a drug-trafficking crime. This matter is before the Court on Doss's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, Doss's motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction[.]" According to a policy statement issued by the Sentencing Commission, the court must also find that "the defendant is not a danger to the safety of any other person or to the community," and that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes list several examples of extraordinary and compelling reasons that justify a sentence reduction, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The policy statement also includes a catch-all provision for cases in which "there exists . . . an extraordinary and compelling reason other than, or in combination with," the reasons specifically described by the policy statement. *Id.* § 1B1.13, cmt. n.1(D); *see United States v. Warren*, 456 F. Supp. 3d 1083, 1085–86 (D. Minn. 2020) (applying § 1B1.13 to compassionate-release motions under the First Step Act, but declining to apply the outdated provision requiring that the Director of the Bureau of Prisons make the determination that the catch-all provision applies).

Doss seeks a reduction in his sentence to time served on two grounds: (1) the risk he faces in prison as a result of the COVID-19 pandemic; and (2) his father's health condition. With respect to the pandemic: Doss's argument applies to literally every person who is now incarcerated in a federal or state prison. Nothing in the record suggests that Doss is at particular risk from COVID-19; to the contrary, Doss is a young man who appears to have no underlying health conditions that put him at particular risk from COVID-19. In addition, while the facility in which he is incarcerated had a

severe outbreak, that outbreak was brought under control.  With respect to his father's health condition: Doss's father does not claim to be incapacitated or that Doss is the only available caregiver, nor does he explain what care he needs that Doss could provide.  *Cf.* U.S.S.G. § 1B1.13 cmt. n.1(C)(ii) (noting that compelling reasons for release exist when the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver).  Notably, the probation office denied Doss's proposed plan to live with his father in the event that the Court granted Doss's motion for release.

Doss has therefore failed to demonstrate extraordinary and compelling reasons that would warrant his release.  Even if he had shown such reasons, the Court could not find that Doss is not a danger to the public.  When Doss committed his current offense, he was still under court supervision for an aggravated robbery in which he pointed a gun in the victim's face and threatened to kill him.  His current offense involved possessing firearms in furtherance of drug-trafficking crimes on behalf of the violent gang to which he belongs.  Because Doss represents a danger to the public, the Court also declines Doss's alternative request for a recommendation that he serve the remainder of his sentence on home confinement.

Doss's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the motion of defendant Anthony Pierre Doss for compassionate release [ECF No. 588] is DENIED.

Dated:  November 5, 2020	 s/Patrick J. Schiltz
	Patrick J. Schiltz
	United States District Judge